## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CURTIS BROWN,

      Plaintiff,

v.                                                                 Case No.  4:21-cv-281-MW-MJF

MARK INCH,

      Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

On August 20, 2021, the undersigned issued a report and recommendation ("First R&R") recommending that this case be dismissed without prejudice as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly. (Doc. 7). Specifically, Plaintiff Curtis Brown ("Brown") did not disclose that he previously filed a prisoner civil-rights action in this District Court on February 6, 2014, that was dismissed on July 30, 2015, for failure to state a claim upon which relief can be granted. *See Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, 2015 WL 4603595 (N.D. Fla. July 30, 2015). Brown objected to the First R&R, and claimed that he was not the same inmate—"Curtis Brown, DC# C00191"—who filed the prior action. (Doc. 8). Based on Brown's statements, the District Court rejected the First R&R and remanded the case to the undersigned "to determine the merits of

Page 1 of 22

Plaintiff's objections; namely, whether the 'Curtis Brown' who filed a prior action is the same person as Plaintiff." (Doc. 9).

The undersigned has supplemented the record by requiring Brown to answer additional questions under penalty of perjury, and by obtaining documents from the Florida Department of Corrections ("FDC") confirming Brown's identity and incarceration history. (*See* Docs. 10, 11, 12, 16). Upon consideration of these materials, the undersigned concludes that Plaintiff Curtis Brown is indeed the same "Curtis Brown, DC# C00191" who filed a complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. Because of Brown's pattern of perjury and willful abuse of the judicial process, the undersigned recommends that the District Court dismiss this action with prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Brown (DC# C00191) is a Florida prisoner confined at the Florida State Prison ("FSP").[1] Brown initiated this lawsuit on June 30, 2021, by filing a pleading titled "Emergency Motion for Preliminary Injunction/Temp[o]rary Restraining Order." (Doc. 1). Brown alleged that he was not adjudicated guilty of the criminal offenses for which he is in custody; that his judgment and commitment forms are incomplete;

---

[1] Brown is serving a total term of 35 years of imprisonment after conviction of multiple counts of selling and possessing cocaine in Indian River County Circuit Court Case Numbers 2005-CF-1750, 2005-CF-1396, and 2005-CF-1511. (Doc. 16-1, Ex. A at 4).

and that the FDC unlawfully accepted custody of him. (*Id.* at 2, 5-8).[2] As a result, Brown maintained, the FDC was subjecting him to unlawful strip searches (which he labels "sexual assaults"), as well as unwanted physical contact (which he labels "battery") in the form of hand restraints and escorts accompanied by "unnecessary application of pressure to his arm." (*Id.* at 5-6.). Brown's motion for a temporary restraining order ("TRO") sought to enjoin the FDC from exercising any physical control over him until he was provided a hearing in this court. (*Id.* at 1, 4).

On July 15, 2021, the undersigned ordered Brown to file a complaint on the court-approved form. (Doc. 3). On August 13, 2021, Brown filed his now pending civil-rights complaint under 42 U.S.C. § 1983, with supporting memorandum. (Doc. 4). Brown's complaint names as the Defendant FDC Secretary Mark Inch in his official capacity. (*Id.* at 1). Brown alleges that he was received into FDC custody on July 9, 2019, in Okeechobee, Florida, "without authorization or consent." (*Id.* at 5). Brown repeats the allegations of his motion for a TRO, and adds that while confined at FSP, he was threatened on July 1, 2021, for filing grievances, and was required to undergo a strip search on July 19, 2021. (*Id.* at 5-7). As relief for the alleged violation of his constitutional rights, Brown seeks a preliminary and permanent injunction

---

[2] Citations to page numbers are to the numbers assigned by the court's electronic docketing system.

against the FDC "enjoining physical contact without legal authorization, i.e., commitment for prior criminal convictions." (*Id.* at 8-9).

On August 20, 2021, the undersigned recommended to the District Court that this case be dismissed without prejudice for maliciousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because Brown abused the judicial process in failing to disclose his litigation history completely and honestly on the complaint form. (Doc. 7). This recommendation was based on the undersigned's determination that Brown previously filed, but failed to disclose, the following prisoner civil-rights case that was dismissed on July 30, 2015, for failure to state a claim: *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, 2015 WL 4603595 (N.D. Fla. July 30, 2015).

Brown objected to the First R&R and stated, under penalty of perjury, that the undersigned "misidentified" him as the prisoner who filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. (*See* Doc. 8). Brown explained that although he shares the same name (Curtis Brown) and the same DC# (C00191) as the prisoner who filed the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, he "is not the same person in the Brown vs. Degraaf case and therefore, correctly, did not disclose such prior case in the instant Complaint to this Court." (Doc. 8 at 2, ¶ 4). Brown attached to his Objection a "General Affidavit" in which he stated, under penalty of perjury, that the following facts are true and correct:

(1.)   I, Plaintiff/Affiant, currently recognized under DC# C00191 avers to not being the Plaintiff, nor party of interest, in Brown vs. Degraaf Case # 3:14-cv-53-LC-CJK.

(2.)   I have never filed any prior complaints to this District Court other than the complaints under the instant action before this Court.

(3.)   I have not been in the custody of the Defendant prior to July 9, 2019, regardless of Defendant's incorrect disclosure of information concerning the actual person currently under DC# C00191 via website for the Fla. Dept. of Corr. that is unverified and not sworn to.

(Doc. 8, Ex. A ¶¶ 1-3).

Based on Brown's sworn statements, the District Court rejected the First R&R and remanded the case to the undersigned to determine whether the "Curtis Brown" who filed the prior action is the same person as this Plaintiff Curtis Brown. (Doc. 9).

On remand, the undersigned issued an order requiring Brown to answer the following two questions under penalty of perjury:

QUESTION NO. 1: Is the signature on the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, Doc. 1 (Complaint), signed on February 4, 2014, and docketed in this District Court on February 6, 2014, your signature?

QUESTION NO. 2: Are you the inmate who was the subject of Florida Department of Corrections Disciplinary Report Log # 106-130810?

(Doc. 10-1).[3] The undersigned provided Brown with a copy of the civil-rights complaint filed in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, and also provided

---

[3] Disciplinary Report Log ("DRL") #106-130810 was the disciplinary conviction that was the subject of the lawsuit in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. Specifically, DRL # 106-130810 convicted inmate Curtis Brown, DC# C00191, of

him with a copy of the disciplinary conviction that was the subject of that lawsuit (DRL #106-130810). (*See* Doc. 10 & Attach.). The undersigned explicitly warned Brown that federal law prohibits submitting false information to a federal court and provides substantial criminal penalties for false statements and misrepresentations. (Doc. 10 at 3 (citing 18 U.S.C. §§ 287, 1101, 1503, 1621, 1623; *Hubbard v. United States*, 514 U.S. 695, 714, 115 S. Ct. 1754, 1764 (1995))).

Brown returned his answers to the questionnaire. (Doc. 11). Brown answered both questions "No" and signed his responses under penalty of perjury. (*Id.*).

On October 1, 2021, the undersigned requested the assistance of the FDC General Counsel in providing a certified copy of the Penitentiary Packet ("Pen Pack") for the inmate named "Curtis Brown" currently incarcerated under DC# C00191. (Doc. 12). The Attorney General of the State of Florida filed a response to the court order accompanied by: (1) the Pen Pack for Plaintiff Curtis Brown; (2) the docket sheet for one of Plaintiff Curtis Brown's underlying state-court criminal cases (Indian River County Circuit Court Case No. 2005-CF-1396); and (3) a state habeas petition Plaintiff Curtis Brown filed while incarcerated on December 28, 2015

---

Battery or Attempted Battery on a Correctional Officer ("BATTERY/ATT/CO") on 06/12/2013, at Century Correctional Institution. The disciplinary conviction resulted in the loss of 62 days of gain time. (*See* Doc. 10-3).

(which predates his alleged 2019 date of incarceration), and the state court's order

dismissing same with a sanctions warning. (Doc. 16, Attachs. 1-3).

## II.  THIS ACTION SHOULD BE DISMISSED BECAUSE OF BROWN'S PATTERN OF PERJURY AND WILLFUL ABUSE OF THE JUDICIAL PROCESS

### A.  Re-Screening of Brown's Complaint Pursuant to the PLRA

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134,

110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits

in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc);

*see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam)

("Recent years have witnessed an explosion of prisoner litigation in the federal

courts."). Under the PLRA, a federal court is required to screen a prisoner complaint

to determine whether the action is frivolous, malicious, or fails to state a claim on

which relief can be granted. 28 U.S.C. § 1915A; *see id.* § 1915(e)(2)(B) (analogous

screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior

lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

1989). When a complaint form requires a plaintiff to list his litigation history, and

the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative

misrepresentation regarding his litigation history constitutes abuse of the judicial

process, warranting dismissal of the case as "malicious." *See* 28 U.S.C.

§§ 1915(e)(2)(B)(i), 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.

1998) (holding that dismissal of an action as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (per curiam) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (per curiam) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (per curiam) (same).

**B.**    <u>**Brown's Reponses to Questions on the Complaint Form**</u>

In his complaint signed on August 13, 2021, under penalty of perjury, Brown provided answers to Section VIII of this court's civil-rights complaint form, which requires him to disclose his litigation history. (Doc. 4 at 10-13). The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (Doc. 4 at 10 (quoting 28 U.S.C. § 1915(g))).

Question VIII(A) of the complaint form asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (*Id.* at 11). Where there are parenthetical areas to mark either a "Yes" or

"No" answer to Question (A), Brown marked "No," and disclosed no cases. (*Id.* at 11).

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?" (*Id.*). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Brown marked "No," and disclosed no cases. (*Id.* at 11-12).

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" (*Id.* at 12). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question VIII(C), Brown marked "No," and disclosed no cases. (*Id.* at 12-13).

At the end of the civil-rights complaint form, Brown signed his name after the following certification: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*Id.* at 13-14). Thus, Brown has stated, in effect, that at the time he signed his complaint on August 13, 2021, he had not initiated any other action in federal court that (1) was dismissed for failure to state a claim or (2) related to the conditions of his confinement.

## C.   Brown's Omission

 At the time Brown filed his complaint in this case, he had initiated one other civil action in federal court that required disclosure. On February 6, 2014, Brown,

while confined at Santa Rosa Correctional Institution ("Santa Rosa CI"), filed a prisoner civil-rights action against two prison officials employed at Century Correctional Institution ("Century CI")—Officer Degraaf and Captain Parish. (Doc. 10-2 (copy of complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK)). Brown alleged that while he was confined at Century CI, Officer Degraaf used excessive force on him on June 12, 2013, at approximately 4:00 a.m. (Doc. 10-2, Compl. at 5-6). Brown alleged that Captain Parish approved a false disciplinary report against Brown in order to justify Degraaf's unlawful conduct. (Doc. 10-2, Compl. at 7-8; Doc. 10-3 (copy of relevant DRL #106-130810)). Brown claimed that he then was "emergency transferred" at 8:00 a.m. that morning to Santa Rosa CI. (Doc. 10-2 at 8, ¶ 13). On July 30, 2015, Senior District Judge Lacey A. Collier dismissed that civil action for failure to state a claim upon which relief can be granted. *See Brown*, 2015 WL 4603595, at *1.

Brown denies that he is the "Curtis Brown" who filed the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. (Doc. 8). Brown states, under penalty of perjury, that he has not filed *any* civil action in federal court prior to the present case. (*Id.*). Brown also states, under penalty of perjury, that he "ha[s] not been in the custody of the Defendant prior to July 9, 2019." (*Id.*). Brown also states, under penalty of perjury, that the signature on the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, is not his signature. (Doc. 11). Brown additionally states, under

penalty of perjury, that he is not the inmate who was the subject of FDC DRL #106-130810 at issue in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. (Doc. 11).

The following facts confirm that Brown is being untruthful and that he is in fact the "Curtis Brown" who filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK[4]:

1.    **Same FDC Inmate Number:** The prisoner "Curtis Brown" who filed the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, bears the same FDC Inmate Number (DC# C00191) as Plaintiff Curtis Brown who filed the present civil action.

2.    **Identical Signatures:** The signature of "Curtis Brown" on the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, is identical to

---

[4] Pursuant to Federal Rule of Evidence 201, this court takes judicial notice of its own records in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records. . . .").

This court also takes judicial notice of entries in the certified Pen Pack provided by the FDC (Doc. 16-1, Ex. A); and the docket entries in Brown's underlying state-court criminal case, Indian River County Circuit Court Case No. 2005-CF-1396 (Doc. 16-2, Ex. B). *See Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (recognizing that a judge is not always limited to the four corners of the complaint at the dismissal stage and taking judicial notice of facts contained in a report from a state agency); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting that a judge permissibly looked at docket sheets at the dismissal stage because "docket sheets are public records of which the court could take judicial notice"); *United States v. Mercado*, 412 F.3d 243, 247-48 (1st Cir. 2005) (taking judicial notice of state-court docket entries); *see, e.g.*, *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014) (holding that the district court properly dismissed the complaint after taking judicial notice of docket entries in the prisoner-plaintiff's underlying criminal case).

Plaintiff Curtis Brown's signature on the complaint filed in the present case. *Compare* (Doc. 10-2 at 9 (copy of complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK)), *with* (Doc. 4 at 14, 15, 18 (Plaintiff Curtis Brown's signatures on the complaint filed in this case)).

3.     **Identical Printing and Formatting:** Even a cursory comparison demonstrates that the hand-printed text of the complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, is identical to Plaintiff Curtis Brown's hand-printing in the present case. Likewise, Brown used the same formatting in the respective complaints in each case. For example, he numbers his paragraphs by using both a period and parentheses, in this fashion: (1.), (2.), (3.). In both complaints, Brown also attached additional pages with the notation: "ATTACHMENT" hand-printed on each page using identical capital letters.

4.     **Plaintiff Curtis Brown Was Incarcerated in the FDC as DC# C00191 at the Time the Complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, Was Filed (Contrary to His Assertion that He Was Not Incarcerated at That Time):** Plaintiff Curtis Brown has been incarcerated in the FDC as DC# C00191 since October 5, 2006, under the judgments and sentences of the Indian River County Circuit Court in Case Numbers 2005-CF-1750, 2005-CF-1396, and 2005-CF-1511. (Doc. 16-1, Ex. A at 4-22, 28-

31 (Pen Pack)); (Doc. 16-2, Ex. B (Docket Sheet from Case No. 2005-CF-1396)).

**5.     Plaintiff Curtis Brown's Movements Between FDC Facilities Match Those Described in the Complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK:** Plaintiff Curtis Brown was incarcerated at Century CI on January 12, 2013, and was transferred to Santa Rosa CI on that same date, which correlates to the dates and locations of the incident at issue in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. (Doc. 16-1, Ex. A at 22, 29 (Pen Pack)); (Doc. 10-2 (copy of complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK)).[5]

**6.     Plaintiff Curtis Brown Mailed the Complaint In Case No. 3:14-cv-53-LC-CJK While He Was Incarcerated at Santa Rosa CI:** Plaintiff Curtis Brown was incarcerated at Santa Rosa CI on February 4 and 5, 2014. February 4, 2014 is the date that the Curtis Brown who filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, signed and mailed the complaint from Santa Rosa CI.

---

[5] Indeed, in his complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, Brown specifically alleged: "(13.) Therefore, at approximately 8:00 A.M. the plaintiff was emergency transferred to another institution [Santa Rose CI.] as a major security issue . . . ." (Doc. 1 at 8, ¶ 13) (bracket in original).

(Doc. 16-1, Ex. A at 22-23, 29-30 (Pen Pack)); (Doc. 10-2 (copy of complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK)).[6]

**7.     Plaintiff Curtis Brown Was Convicted of Battery Based on an Event that He Mentioned in His Filings in Case No. 3:14-cv-53-LC-CJK:**
Plaintiff Curtis Brown was convicted of Battery or Attempted Battery on a Correctional Officer ("BATTERY/ATT/CO") on 06/12/2013 at Century CI, which resulted in his losing 62 days of gain time. (*See* Doc. 16-1, Ex. A at 24 (Pen Pack)). That disciplinary conviction—and the events surrounding it— was the gravamen of Brown's complaint in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. *See Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, (Doc. 36-1, Ex. A (Degraaf and Parish's Mot. to Dismiss)).

**8.     Same Prison Disciplinary Record:** Plaintiff Curtis Brown's prison disciplinary record corresponds to the prison disciplinary record of the "Curtis Brown" who filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK. *Compare* (Doc. 16-1, Ex. A at 23-24 (Pen Pack)), *with Brown*, No. 3:14-cv-53-LC/CJK, (Doc. 36-2, Ex. B (Degraaf and Parish's Mot. to Dismiss)).

---

[6] The envelope in which Brown mailed the complaint and motion for leave to proceed *in forma pauperis* in *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, is dated February 5, 2014. This, along with the FDC records, demonstrates that Brown was incarcerated at the Santa Rosa CI on the same day that he mailed the documents to initiate *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK.

Accordingly, in response to Questions (A) and (C) of the complaint form in this case, Brown was required to disclose that he had filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, because that suit was dismissed for failure to state a claim and it related to the conditions of Brown's confinement. Brown's failure to disclose that case violates his duty of candor to the District Court.

**D.    Materiality of Brown's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out

Article III functions." *Id.* at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine a plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Brown falsely responded to questions on the complaint form as detailed above. Brown knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 4 at 13). Brown's failure to disclose his prior case—and his subsequent attempts to obstruct

the truth and manipulate this court with additional false statements concerning his prior case—is willful misconduct and is malicious.

This court should not allow Brown's misrepresentations and repeated false statements under penalty of perjury to go unpunished. *See Zocaras v. Castro*, 465 F.3d 479 (11th Cir. 2006) (holding that dismissal of arrestee's civil-rights action with prejudice was warranted as a sanction for arrestee's use of a false name in filing his complaint). A penalty is warranted both to deter Brown from such conduct and to deter others from similar false representations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court."). If Brown suffered no penalty for his false statements and untruthful responses, there would be little or no disincentive for a future attempt to evade or undermine the purpose of the form.

E.    **The Appropriate Sanction is Dismissal of this Action with Prejudice**

An appropriate sanction for Brown's abuse of the judicial process in not providing the court with true factual statements and responses is to dismiss this case. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's

"complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (same); *Sears*, 509 F. App'x at 936 ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal.").

A district court may dismiss a case with prejudice if it finds that there is a clear record of willful misconduct and that a lesser sanction is inadequate to correct such conduct. *See Zocaras*, 465 F.3d at 483; *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). In this case, there is a clear record of willful misconduct, contempt, and a pattern of perjury.

Brown made false material statements on the complaint form when he denied that he had filed any prior lawsuit that was dismissed for failure to state a claim, and when he denied that he had filed any prior lawsuit that related to the conditions of his confinement. (Doc. 4).

After the First R&R exposed Brown's false statements, (Doc. 7), Brown made additional false declarations to the District Court by asserting that (1) he was not the same "Curtis Brown" that filed *Brown v. Degraaf*, No. 3:14-cv-53-LC-CJK, despite having the same DC#; and (2) that he "never filed any prior complaints" other than his complaint in the present case." (Doc. 8, Ex. A (Brown Aff.)). Brown then brazenly and falsely added: "I have not been in the custody of the Defendant prior

to July 9, 2019." (*Id.*). Brown's false statements and manipulative tactics caused the District Court to reject the First R&R, which, in turn, caused the expenditure of additional judicial resources to document that Plaintiff Curtis Brown *is* the same "Curtis Brown" who filed the prior action. (Doc. 9).

By ordering Brown to respond to the undersigned's questionnaire, the undersigned provided Brown an opportunity to retract his lies to the District Court. (Doc. 10). Instead of retracting his lies, Brown doubled-down and made additional false statements under oath and in bad faith. (Doc. 11).

Brown's false responses on the questionnaire caused the expenditure of still more judicial resources to obtain documents from the FDC confirming Brown's identity and incarceration history. (Doc. 12). The State of Florida, in turn, expended resources from two separate agencies—the FDC and the Florida Attorney General's Office—to assist in refuting Brown's lies. (Doc. 16).

No lesser sanction than dismissal with prejudice will suffice to deter Brown's willful misconduct. Brown was faced with the sanction of dismissal *without* prejudice in the undersigned's First R&R. The prospect of that sanction did not deter him. Instead, it motivated him to fabricate lies in his objections to the First R&R.

Emboldened by the District Court's rejection of the First R&R, Brown persisted in his deception and made additional false statements—about his identity, his incarceration history, and his litigation history—in his sworn responses to the

undersigned's questionnaire. Brown likely recognizes that being truthful about these matters undermines the claim he is making in this lawsuit—that he is being incarcerated without having been convicted of any crime. Brown, himself, has placed himself in this predicament.

It bears emphasizing, again, that Brown has lied—under penalty of perjury—in three documents filed in this court: (1) his complaint, (Doc. 4); (2) his objections to the First R&R, (Doc. 8); and (3) his responses to the undersigned's questionnaire, (Doc. 11). Brown's clear pattern of willful misconduct and perjury justifies the imposition of a proportional sanction: dismissal with prejudice. *See Zocaras*, 465 F.3d at 484-85 (holding that other sanctions—short of dismissal with prejudice—would not be effective to address plaintiff's misconduct, as the misconduct not only harmed the defendants, but also undermined the integrity of the judicial system). As the Eleventh Circuit emphasized in *Zocaras*:

> [Litigation] is not a masquerade party nor is it a game of judicial hide-n-seek. . . . We sometimes speak of litigation as a search for the truth, but the parties [and the court] ought not have to search for each other's true identity. . . . Rule 11 forbids lying in pleadings, motions, and other papers filed with the court; and Rule 41(b) provides for dismissal with prejudice as the ultimate sanction for violation of the rules.

*Id.* at 484. Because of Brown's pattern of perjury and abuse of the judicial process, dismissal with prejudice is the appropriate sanction.[7]

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.      This case be **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.      The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 4th day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[7] The District Court also could bring Brown's commission of perjury to the attention of the United States Attorney for the Northern District of Florida, as other courts have done in similar cases. *See, e.g.*, *Springs v. Gielow*, No. 3:14cv105/MCR/EMT, 2015 WL 1458273 (N.D. Fla. Mar. 28, 2015) (dismissing the case and referring it to the United States Attorney to consider a federal prosecution for perjury); *United States v. Springs*, No. 3:19-cr-69-RV (N.D. Fla. June 18, 2019) (resulting indictment for eight counts of perjury and prisoner's conviction for one count pursuant to a negotiated plea agreement). Merely dismissing this case with prejudice would be the lesser sanction insofar as it would not result in Brown being prosecuted and convicted of a federal offense.

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**